**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BRINSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 3:23-cv-00044** |
| **AMERICAN ECONOMY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81(a), Defendant American Economy Insurance Company ("Defendant") files this Notice of Removal, hereby removing this action from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Christopher Brinser ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

**I.**
## INTRODUCTION

This lawsuit arises out of Plaintiff's claim for water damage to residential property located at 10726 Webster Terrace, Dallas, Texas 75229-5361 under a homeowners insurance policy issued by Defendant. In his Original Petition, Plaintiff asserts claims against Defendant arising out of Defendant's handling of Plaintiff's insurance claim.

On December 14 2022, Plaintiff filed his Original Petition in the 192nd Judicial District of Dallas County, Texas. Defendant was served with a citation and a copy of Plaintiff's Original

Petition on December 19, 2022 through its registered agent for service of process. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiff's Original Petition on Defendant and is thus timely filed under 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

**A.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff is an individual domiciled in Dallas County, Texas. *See* Plaintiff's Original Petition, Exhibit C, ¶ 2. In addition, Plaintiff owns the subject property in Texas, and has designated her Texas Property as his Homestead for a property tax exemption. *See* **Exhibit E**. Thus, for diversity purposes, Plaintiff is a citizen of Texas. Defendant American Economy Insurance Company is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. For diversity purposes, Defendant is a citizen of Indiana and Massachusetts. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

There are two ways a defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). First, a defendant can establish that the amount in controversy exceeds $75,000.00 by demonstrating that it is "facially apparent" from the petition at issue that the claim likely exceeds $75,000.00. *See Tovar v. Target Corp.*, 2004 WL 2283536, at *1 (W.D. Tex. Oct. 7, 2004) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, a defendant can demonstrate that the amount in controversy exceeds $75,000.00 by setting forth the facts in controversy in the removal petition. *See id.*

First, Defendant can demonstrate that it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00 because Plaintiff has specifically pled "Plaintiff is seeking only monetary relief between $250,000.00 and $1,000,000.00 including interest, statutory or punitive damages and penalties, and attorney's fees and costs" Plaintiff's Original Petition at ¶ 4. Plaintiff has also stated that "On May 11, 2022, Cayne Seymore, a public adjuster employed by Elliott Claims Services, conducted an inspection of the Property and determined that Plaintiff had suffered covered damages in the amount of $83,494.89" and that he "currently estimates that actual damages to the Property under the Policy are $130,802.44. *See Id.* at ¶ 20.

Defendant can also carry its burden by demonstrating that the amount in controversy exceeds $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). One such type of summary judgment evidence is a pre-suit demand letter. *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017).

On October 11, 2022 Plaintiff served a pre-suit demand letter pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act in which he set forth a demand totaling $84,494.89, which included $1,000.00 in attorneys' fees. *See* **Exhibit D**. The pre-suit demand letter also states that if the matter is not settled pre-suit, then the $84,494.89 demand would be withdrawn and "the new demand after suit is commenced will be $225,000.00…". *Id.* Accordingly, it is clear from Plaintiff's pre-suit demand that the amount in controversy exceeds $75,000.00 and this Court has jurisdiction.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet, and Defendant's Certificates of Interested Persons that comply with Local Rules 3.1(c), 7.4, and 81.2. Additionally, the following exhibits are attached:

- **Exhibit A**: Index of all documents filed in the state court action;

- **Exhibit B**: Dallas County Civil Case Information;

- **Exhibits C through C-4:** A copy of each pleading filed in the state court action;

- **Exhibit D**: Plaintiff's pre-suit demand; and

- **Exhibit E**: Dallas County Appraisal District property information sheet.

Pursuant to Section 28 U.S.C. §1446(d), Defendant will serve written notice of the filing of this Notice of Removal on Plaintiff and will file a true and correct copy of this Notice of Removal with the Court Clerk of the 192nd Judicial District Court of Dallas County, Texas.

### IV.
### REQUEST FOR RELIEF

Wherefore, Defendant respectfully requests that the above-styled action now pending in 192nd Judicial District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Defendant requests all such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
SALINA A. KABANI
State Bar No. 24067484

**TILLMAN BATCHELOR LLP**

5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail:  colin.batchelor@tb-llp.com
E-mail: salina.kabani@tb-llp.com

**ATTORNEYS FOR DEFENDANT AMERICAN
ECONOMY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on January 6, 2023, a true and correct copy of the above and foregoing instrument was served *via electronic service* upon:

**ATTORNEYS FOR PLAINTIFF**
Shaun W. Hodge
Michael Cooper
THE HODGE LAW FIRM PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: 409.762.5000
Facsimile: 409.763.2300
Email: shodge@hodgefirm.com
        mcooper@hodgefirm.com

*/s/ Colin Batchelor*
COLIN BATCHELOR